IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | Criminal Action No.  07-303 |
| v. ) | |
| ) | |
| ) | |
| DWAYNE THOMPSON ) | |
| ) | |
| Defendant. | |

**MEMORANDUM OPINION**

Pending before the court is the government's motion to destroy firearms (ECF No. 1190, *errata at* ECF No. 1191).  The court provided defendant Dwayne Thompson ("Thompson") an opportunity to respond to the motion.  Thompson, through counsel, advised the court that he would like the firearms at issue to be "released to William Bedingfield ("Bedingfield"), a friend of his to whom he wishes to transfer ownership of the firearms."  (ECF No. 1194).  The response stated that Bedingfield has no criminal record, but provided no other details.  The government filed a reply (ECF No. 1196), construing Thompson's response as a motion for return of property under Federal Rule of Criminal Procedure 41(g).  The government attached notes of an agent's interview in 2007 with the manager of a self-storage unit in Indiana from which the firearms at issue were recovered (ECF No. 1196-1).  The government suggests that the firearms at issue are contraband and that some (unspecified) firearms may be illegal machine guns.  (ECF No. 1196 at 7-8).

On January 23, 2023, the court issued an order setting an evidentiary hearing (ECF No. 1198).  The court identified three factual issues: (1) Thompson's standing to challenge the destruction of the firearms; (2) whether a transfer to Bedingfield would prevent Thompson from

exercising constructive possession over the firearms; and (3) whether the government could demonstrate that the firearms are contraband or illegal machine guns. The court stated: "the existing record is insufficient for the court to decide this matter." (ECF No. 1198 at 2).

On March 6, 2023, Thompson – through counsel – filed a notice stating that the evidentiary hearing was not necessary. (ECF No. 1199). Thompson represented that he had no objection to the court ruling on the government's motion to destroy the firearms based upon the "current state of the record." (ECF No. 1199).

In its January 23, 2023 order setting an evidentiary hearing, the court notified the parties that the "initial matter" was whether Thompson has any ownership interest in the guns at issue. The court pointed out that the interview notes provided by the government reflect that the storage unit from which the guns were recovered was originally leased to a Ronald Garner. (ECF No. 1198). The record does not establish any ownership interest by Thompson.

To assert a Fourth Amendment right to be free from an unreasonable seizure, a defendant has the threshold burden to establish standing. *United States v. Dollson*, No. CRIM.A. 13-277-1, 2014 WL 413833, at *2 (E.D. Pa. Jan. 31, 2014). "Fourth Amendment rights are personal rights that may not be asserted vicariously." *Rakas v. Illinois*, 439 U.S. 128, 133 (1978). In other words, Thompson bears the burden to establishing that his own Fourth Amendment rights would be violated by the destruction of these firearms. *Id.* at 132 n.1. A legitimate expectation of privacy must have a source outside of the Fourth Amendment, such as real or personal property law or understandings that are recognized and permitted by society. *United States. v. Kennedy*, 638 F.3d 159, 163 (3d Cir.2011) (citation omitted). A person who owns or lawfully possesses or controls property will likely have a legitimate expectation of privacy. *Id.* at 164.

As this court previously observed, there is no evidence in this record to establish Thompson's right to challenge the destruction of the firearms. By agreeing to have the motion decided on the existing record, Thompson failed to meet his threshold burden to demonstrate standing.

Even if Thompson could establish standing, he failed to demonstrate that a proposed transfer to Bedingfield would be legitimate. In *Henderson v. United States*, 575 U.S. 622 (2015), the Supreme Court held that a district court may exercise its equitable power to approve the transfer of guns consistent with § 922(g), but "if, but only if, that disposition prevents the felon from later exercising control over those weapons, so that he could either use them or tell someone else how to do so." *Id.* at 630. In exercising its discretion, "the court may properly seek certain assurances: for example, it may ask the proposed transferee to promise to keep the guns away from the felon, and to acknowledge that allowing him to use them would aid and abet a § 922(g) violation." *Id.*

The court discussed *Henderson* in its order setting an evidentiary hearing (ECF No. 1198) and provided Thompson with the opportunity to provide appropriate assurances to the court. Thompson failed to provide any assurances. For this reason also, Thompson failed to provide any basis to prevent the destruction of the firearms at issue.

Conclusion

In accordance with the foregoing, the government's motion to destroy firearms (ECF No. 1191) will be granted.

An appropriate order follows.

Dated: April 19, 2023  　　　　　　　　　　　**/s/ Joy Flowers Conti**
　　　　　　　　　　　　　　　　　　　　　　Joy Flowers Conti
　　　　　　　　　　　　　　　　　　　　　　Senior United States District Court Judge